116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ravi NATHAN, Plaintiff-Appellant,
v.
BOEING COMPANY, a Delaware Corporation, Defendant-Appellee.
 No. 95-36298.
 United States Court of Appeals, Ninth Circuit.
 June 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-94-00647-TSZ; Thomas S. Zilly, District Judge, Presiding.
 Before: WRIGHT, WALLACE, and HAWKINS, Circuit Judges.
 
 MEMORNADUM
 
 1
 This disposition addresses the remainder of Nathan's claims on appeal not decided in our published opinion.
 
 
 2
 Nathan contends that Boeing's late disclosure of the June 6, 1990, memorandum so prejudiced him as to require a new trial. We review the district court's evidentiary rulings for an abuse of discretion, and do not reverse them absent some prejudice. Masson v. New Yorker Magazine, 85 F.3d 1394, 1399 (9th Cir.1996).
 
 
 3
 Although Boeing did not initially turn over the document, Boeing notified Nathan of its existence almost three months before trial. It was Nathan who then neglected to pursue the issue. The district court commented that Nathan's request for relief "sounds a little bit late now." Based on these facts, the district court did not abuse its discretion in refusing to grant Nathan a new trial. In fact, Nathan introduced the June 6 memorandum at trial. Also, he did not ask for a mistrial, sanctions, or any relief for Boeing's "late" disclosure. The district court asked Nathan what remedy he sought, and he replied, "at this point, we're not proposing a remedy.... There is no remedy at this point." If Nathan wanted a mistrial declared or sanctions imposed, he should have asked for them at that point. He did not, and thus waived any further argument on this issue.
 
 
 4
 Nathan next asserts that the district court erred in requiring him to lay a foundation for the authenticity of the Little Memorandum. Even if we assume that the district court erred, the jury already knew that Little was aware of Nathan's complaint, for Little discussed Nathan's June 20 memorandum with Nathan. The district court's refusal to admit the Little Memorandum did not prejudice Nathan.
 
 
 5
 Next, Nathan contends that the district court erred in offering jury instruction number 11. Federal Rule of Civil Procedure 51 states in part: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." We strictly enforce Rule 51, and "the sole permissible deviation from the strictures of Rule 51 is that, where the trial court is aware of the party's concerns with an instruction and further objection would be unavailing, we will not require a formal objection." Larson v. Neimi, 9 F.3d 1397, 1399 (9th Cir.1993) (citations omitted).
 
 
 6
 In a telephonic conference, Nathan urged the court to make "reference to instruction number 11 which is, I believe, the instruction that sets forth the standard for retaliation because to state otherwise would, I think, confuse the jury." The district court agreed and offered instruction 11. Since Nathan asked the court to offer instruction 11, he cannot argue now that the district court erred in doing so. The only instruction that Nathan objected to in court was instruction 10. After discussing instruction 10, Nathan said, "We have no other exception." Nathan contends that his objection to instruction 10 should apply to instruction 11. Yet Nathan failed to object to instruction 11, so Rule 51 prohibits Nathan from raising this argument on appeal.
 
 
 7
 Nathan also argues that the district court erred in refusing to admit evidence of pre-1990 acts of discrimination under the "continuing violation" doctrine. We review for an abuse of discretion an order excluding evidence in the context of summary judgment. Maljack Prods. v. GoodTimes Home Video Corp., 81 F.3d 881, 886 (9th Cir.1996). The continuing violation doctrine permits the introduction of only relevant evidence, and Nathan, who admits that he withdrew his complaints in 1988, has not shown how the pre-1989/1990 violations would support his case, and thus has not demonstrated that the court abused its discretion in excluding this evidence.
 
 
 8
 Next, Nathan asserts that the district court erred in granting Boeing's motion for summary judgment on his state law race, national origin, and age discrimination claims. In Kuyper v. State, 904 P.2d 793 (Wash.App.1995), review denied, 917 P.2d 130 (Wash.1996), Kuyper offered far stronger evidence of special treatment, as well as derogatory comments toward her (her supervisor "commented she didn't understand why Kuyper did not retire"), yet her claim under RCW 49.60 did not survive summary judgment. Id. at 796. While material issues of fact may have existed concerning Nathan's retaliatory termination claim, no issues of material fact exist regarding his age, race, or national origin discrimination claims. If Kuyper lost at summary judgment, then so must Nathan with his vastly weaker case.
 
 
 9
 Finally, Nathan argues that the district court erred in retaining jurisdiction over the pendent state law retaliation claim after dismissing the federal claim. We review the district court's decision to retain jurisdiction over pendent state law claims without the underlying federal claim for an abuse of discretion. Acri v. Varian Associates, No. 95-16666, slip op. 6915, 6919 (9th Cir. June 12, 1997). When Nathan moved to remand the remaining state law claim to state court, the parties already had conducted discovery and exchanged witness and exhibit lists. A remand to state court at this point would have started the entire process from scratch, thus wasting both state and federal resources. Under such circumstances, the district court did not abuse its discretion in retaining jurisdiction over the state law claim.
 
 
 10
 AFFIRMED.